Balch *v.* Aldrich & Jones.

DANIEL BALCH *v.* ALDRICH & JONES.

*Pleading. Order.*

1. The defendants owing B., the nominal plaintiff, gave him this order: "*Please to pay——— (B.) fifty-eight dollars, and charge the same to us.*" The order was intended to be addressed to F., the real plaintiff, and was delivered to and paid by him, and the amount charged to the defendants. *Held,* that after the order was paid, B. was in no privity of contract with the defendants; that an action could only be maintained in the name of F., and that for money paid.

ASSUMPSIT in common counts. Pleas, general issue and Statute of Limitations. Replication, new promise within six years. Trial by court, March Term, 1882, VEAZEY, J., presiding. Judgment for the plaintiff to recover the balance of the order.

The court found that Balch received the order of the defendants in payment for butter which he had delivered to them.

The other facts are stated in the opinion of the court.

*Walker & Goddard,* for the defendants.

The suit cannot be maintained in the name of Daniel Balch; and no suit can be sustained except by Foster Bros. The order, requesting them to pay the $58 to Balch, and to charge the same to the defendants, is a promise on their part to pay it back to them. It is a chose in action, not assignable; and, hence, Foster Bros. are the only persons who have a right of action. 1 Bur. Dict. 227; *Johnson* v. *Collings,* 1 East, 104; *Cooledge* v. *Ruggles,* 15 Mass. 388; *Ball* v. *Allen,* Ib., 433; *Bailey* v. *Bussing,* 28 Conn. 455; *Keeth* v. *Easton,* 21 Pick. 261; *Hunt* v. *Amidon,* 4 Hill 345; *Burdick* v. *Ch. Glass Co.,* 11 Vt. 19.

*Prout & Walker,* for the plaintiff.

In the light of the facts stated it is clear that the paper was intended as an admission of indebtedness from the firm to Balch,

designed to be transferred to whoever might cash it. Balch, by his transaction with Foster Bros., assigned to them his claim against defendants. Defendants have never yet paid Balch for the butter. Foster Bros. can recover in his name, on most common principles.

In cases much resembling this the paper has been treated as in effect a non-negotiable promissory note on which suit might be properly brought in the name of the payee. 2 Chit. Con. (11 Am. Ed.) 1357, 1365; *Fairchild* v. *R. R. Co.*, 15 N. Y. 337.; *Miller* v. *Thompson*, 3 Mann. & G. 576; *Stiles* v. *Farrar*, 18 Vt. 444; *F. & M. Cank* v. *Humphrey*, 36 Vt. 544; *Sanford* v. *Huxley*, 18 Vt. 170; 1 Par. N. & B. 288; *Lowry* v. *Adams*, 22 Vt. 160.


The opinion of the court was delivered by

POWERS, J. This action is brought by Foster Bros. in the name of the plaintiff to recover an unpaid balance upon an order in writing, reading as follows:

"Please to pay Daniel Balch fifty-eight dollars, and charge the same to us.

ALDRICH & JONES."

It appeared that the plaintiff, Balch, procured the order from the defendants for the purpose of passing it to Foster Bros. in satisfaction of his (Balch's) indebtedness to them; and that the defendants were informed of this purpose, and understood that in fact the order was to be addressed to Foster Bros.

Balch delivered the order to Foster Bros., and they gave Balch credit for the same as a payment upon their indebtedness against him. The transaction then was a payment by Foster Bros. to Balch of so much money upon the credit of the defendants; and the only action that is available to Foster Bros. is the action of assumpsit for money paid.

The order shows the request to Foster Bros. to pay, and to charge the same to the defendants. Upon payment as requested a perfect right of action was established in Foster Bros. to recover the amount of defendants as money paid. The order merely

serves the purpose of evidence; it is not an instrument that can be sued upon as such; and Balch is in no privity of contract with the defendants.

Balch then cannot sue on the contract; Foster Bros. alone could maintain the suit. Accordingly the *pro forma* judgment of the County Court is reversed, and judgment rendered for the defendants.